IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

HICKMAN MILLS C-1 SCHOOL DISTRICT, et al., )
)
    Plaintiffs, )
)
v. ) Case No. 99-862-CV-W-*
)
HOUSING AUTHORITY OF KANSAS CITY, et al., )
)
    Defendants. )
)

## JOINT STIPULATION OF SETTLEMENT AND VOLUNTARY DISMISSAL

Pursuant to Fed. R. Civ. P. 41, the parties ("the Parties") to the above-styled litigation respectfully move this Court to approve the terms of this Stipulation of Settlement dismissing the above-styled litigation with prejudice. The parties agree that the provisions contained within this Stipulation of Settlement fully and fairly resolve the claims raised in the Plaintiffs' Amended Complaint. Accordingly, the parties respectfully request that the Court approve this Stipulation of Settlement.

## STIPULATION

WHEREAS, the Plaintiffs in this Action filed a Complaint against the Housing Authority of Kansas City, Missouri, TAG Associates of Kansas City, Inc., in its capacity as Receiver of the Housing Authority of Kansas City, Missouri, the United States Department of Housing and Urban Development, and Andrew Cuomo in his capacity as Secretary of the United States Department of Housing and Urban Development in the United States District Court for the Western District of Missouri on September 2, 1999 alleging violations of state and federal law in the selection of sites for the development of Scattered-Site Public Housing Units; and,


WHEREAS, the Plaintiffs subsequently filed an Amended Complaint against the same entities alleging the same violations of state and federal law on September 28, 1999; and,

WHEREAS, the Court in this Action ("this Court") granted the motion of the Public Housing Resident Council to intervene as a defendant in this matter on November 29, 1999; and,

WHEREAS, all parties in this Action agree that a mutually agreeable resolution to this matter is in the interest of all parties and in the public interest,

THE PARTIES THEREFORE AGREE that in consideration for the mutual benefits and sacrifices set forth in Section III, below, they now settle and resolve all claims that have been raised or could have been raised in this Action.

## I. PARTIES

1. The Parties to this Settlement Agreement are as follows:

    (a) the Housing Authority of Kansas City, Missouri ("HAKC");

    (b) TAG Associates of Kansas City, Inc. ("TAG");

    (c) the Public Housing Resident Council ("PHRC");

    (d) the United States Department of Housing and Urban Development and Secretary Andrew Cuomo (collectively "HUD" and, together with HAKC, TAG, and PHRC, "Defendants");

    (e) Hickman Mills C-1 School District ("School District");

    (f) the Southern Communities Coalition ("Coalition"); and,

    (g) Cheryl Richards, Bettye Czernicke, Luther McArn, Mike Russell, Lois Chaplin, Ruby Rice, Michael Graf, Earnest Rouse, Barbara O'Shea, and Judy Swope (collectively "Individual Plaintiffs" and, together with the School District and the

Coalition, "Plaintiffs").

## II. DEFINITIONS

2. All capitalized terms used but not defined in this Stipulation of Settlement shall have the same meaning given to such term in the Amended Complaint filed by Plaintiffs in this Action.

3. "Action" refers to the above-styled litigation.

4. "Public Housing Units" refers to any property owned or operated by HAKC.

## III. SETTLEMENT TERMS

5. HAKC and TAG shall withdraw their application for approval of the proposed scattered-site Public Housing Units at the Greenwood Site and shall cease any further efforts to establish any Public Housing Units at the Greenwood Site.

6. HAKC may proceed with the development of no more than twenty-four (24) three (3) bedroom Public Housing Units at the Bales and Indiana Sites according to the terms set forth in HUD's approval of those Sites.

7. HAKC may proceed with the development of no more than twelve (12) two (2) bedroom Public Housing Units at the Hillcrest Site after reconfiguration of the Hillcrest Site as contemplated by paragraph 8, below. HAKC agrees that it will never establish, nor consent to the establishment of, more than twelve (12) two (2) bedroom dwellings on the Hillcrest Site.

8. HAKC agrees to sell to the School District, and the School District agrees to purchase, for Forty-Five Thousand and No/100 ($45,000.00) Dollars approximately one and one-half (1½) acres of the Hillcrest Site (which purchase price shall be adjusted proportionally based upon the actual acreage of the land being sold). The specific acreage and area of the portion of the Hillcrest Site to be sold to the School District shall be mutually agreed upon by HAKC and the School District, but shall be sufficiently situated to provide for a three thousand five hundred

(3,500) square foot education-related facility (such as an early childhood education center) with attendant parking and adequate to satisfy other zoning criteria while retaining for HAKC sufficient property to meet HAKC's reasonable needs for the establishment of the Public Housing Units described in paragraph 7, above, and attendant parking and other necessary related facilities. HAKC and PHRC will cooperate with the School District's efforts to obtain any required zoning change or other local governmental approval for the construction of such facility. If such an education-related facility is constructed on the Hillcrest Site by the School District, residents of the Public Housing Units at the Hillcrest Site will be provided an attendance preference if permitted by law.

9. All parties acknowledge that HAKC has incurred and/or will incur development and other costs in connection with the settlement of this Action for which Plaintiffs have no legal liability to any Defendant. In an effort to cooperate with HAKC's efforts to offset such costs, HUD, the School District, the Coalition, and, upon reasonable request, the Individual Plaintiffs, will use their best efforts to assist HAKC in HAKC's efforts to obtain a waiver of all "payments in lieu of taxes" payable to the City of Kansas City by HAKC pursuant to the Cooperation Agreement between those two entities for fiscal years 1997, 1998, 1999, and 2000, provided, however, that in exercising such best efforts the School District will not be expected or required to express any views other than that the waiver of payments in lieu of taxes for such four fiscal years which would otherwise be distributable to school districts has no adverse impact on school districts under the current school finance formula.

10. HUD agrees to review HAKC's request for an adjustment to "allowable expense levels" for its scattered-site public housing developments in accordance with applicable statutes and regulations, and, in the event any discretion is required or allowed in its determination, HUD will

Page 4

exercise such discretion in a reasonable manner towards HAKC and will not unreasonably deny such request, provided that this agreement in no way affects or is binding upon the negotiated regulation and operating fund provided for implementation under the Quality Housing and Work Responsibility Act ("QHWRA") of 1998.

11. HAKC agrees that other than those Public Housing Units described in paragraphs 6 and 7, above, HAKC will not establish during the next five (5) years any additional Public Housing Units (whether scattered-site units, project-based Section 8 units, or other property owned or operated by HAKC) within the boundaries of the School District as currently defined. HAKC agrees that it will not thereafter seek to establish additional Public Housing Units within the School District unless HAKC determines that the establishment of Public Housing Units at the applicable prospective site is consistent with the standards to be applied under then effective laws, rules, and regulations (including without limitation HUD regulations and judicial interpretations thereof). In making such determinations, HAKC will employ the following specific practices:

  (a) Following the end of such five (5) year period and until the publication of the 2010 Census, by utilizing in such determination demographic data projections which are the then most recently updated demographic data projections (rather than Census data) then generally considered to be reasonably accurate based on the use of sound statistical sampling (which as of this date includes the projections published by Claritas, Inc.); and

  (b) Commencing with the publication of the 2010 Census, by utilizing in such determination Census data only during the three year period following the publication of the respective Census, and thereafter until the publication of the

next Census, by utilizing in such determination demographic data projections which are the then most recently updated demographic data projections (rather than Census data) then generally considered to be reasonably accurate based on the use of sound statistical sampling (which as of this date includes the projections published by Claritas, Inc.).

12. It is understood that HUD is not bound by the provisions of paragraph 11, above, in considering or acting upon any application for approval of sites for Public Housing Units; provided that the provisions of this paragraph shall not be construed to relieve HUD from any duty it may otherwise have under then applicable law (including without limitation judicial decisions) to utilize or consider data (including projections) other than Census data when analyzing the appropriateness of prospective sites for Public Housing Units, and further provided that HUD and PHRC acknowledge HAKC's agreements with Plaintiffs under paragraph 11, above, and each agrees not to take any action to compel HAKC to refrain or seek to be relieved from complying with HAKC's agreements with Plaintiffs under paragraph 11.

13. HAKC, PHRC, and the Plaintiffs (including the School District) will establish a joint committee the purpose of which will be to (a) promote the integration of the residents of the Public Housing Units to be established at the Bales and Indiana Sites and the Hillcrest Site into the community, and (b) provide an exchange of information relevant to furthering the respective missions of the School District and HAKC and a means for continuing cooperation between them (consistent with law and their respective missions). HUD (directly and/or through the Department of Justice) may provide input to such committee.

## IV. SETTLEMENT APPROVAL AND ENFORCEABILITY

14. The terms of this Stipulation of Settlement shall be subject to final approval by the Court

in this Action.

15. Upon Court approval of this Stipulation of Settlement, Plaintiffs shall voluntarily dismiss with prejudice all claims against all Defendants.

16. All parties agree that the Court in this Action shall have continuing jurisdiction to enforce this Stipulation of Settlement, and all parties hereby submit to such continuing jurisdiction.

17. It is the intention of the parties that to the extent that any court shall have jurisdiction over any action by a non-party to this Action seeking relief that would prevent, modify, or otherwise be inconsistent with the full implementation of this Stipulation of Settlement or the housing developments referred to herein, such action shall, subject to any appellate rights, be determined in this Court. The Parties shall cooperate in good faith to that end.

## V. EXPENSES AND ATTORNEYS FEES

18. Subject to the provisions of paragraph 19, below, each party shall bear its own attorneys fees and costs of this Action.

19. All parties agree that the foregoing shall not be exclusive of any rights, responsibilities, and/or remedies of HAKC and/or TAG to seek additional reimbursement of costs and expenses from HUD pursuant to orders previously entered by this Court to which HAKC and/or TAG and HUD were parties, provided, however, that notwithstanding any other provision hereof, no provision of this Stipulation of Settlement shall be deemed a waiver of any right or defense that HUD may have under or relating to such previous order or such claims for additional reimbursement.

AGREED AND STIPULATED TO this 15th day of February, 2000 by the parties through their respective counsel.

**KING HERSHEY COLEMAN KOCH & STONE**, A Professional Corporation

_____
Douglas S. Stone     MO #45320
Richard A. King     MO #20321
2345 Grand Boulevard, Suite 2100
Kansas City, Missouri 64108
Telephone: (816) 842-3636
Telecopier: (816) 842-2414
ATTORNEYS FOR THE PLAINTIFFS

**SPENCER FANE BRITT & BROWNE LLP**

_____
Jack L. Whitacre     MO #19283
Eric W. Smith     MO #47108
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100
Telecopier: (816) 474-3216
ATTORNEYS FOR DEFENDANT THE HOUSING AUTHORITY OF KANSAS CITY, MISSOURI

**FIELDS & BROWN**

_____
Taylor Fields     MO #21371
David Naatz     MO #35094
2544 Holmes
Kansas City, MO 64108
Telephone: (816) 474-1700
Telecopier: (816) 421-6239
ATTORNEYS FOR DEFENDANT THE HOUSING AUTHORITY OF KANSAS CITY, MISSOURI

**RENO & CAVANAUGH, PLLC**

_/s/ Robert A. Graham_

Robert A. Graham                    DC #450345
1250 Eye Street, N.W., Suite 900
Washington, D.C. 20005
Telephone:     (202) 783-2800
Telecopier:    (202) 783-0550
ATTORNEYS FOR DEFENDANT TAG ASSOCIATES
OF KANSAS CITY, INC.

**OFFICE OF THE UNITED STATES ATTORNEY**

_/s/ Charles M. Thomas_

Charles M. Thomas                   MO #28522
5510 Charles E. Whitaker Courthouse
400 East 9th Street
Kansas City, Missouri 64106
Telephone:     (816) 426-3122
Telecopier:    (816) 426-3126
ATTORNEYS FOR DEFENDANTS U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT AND
SECRETARY ANDREW CUOMO

**LEGAL AID OF WESTERN MISSOURI**

_/s/ Julie E. Levin_

Julie E. Levin                      MO #28341
Jane E. Worley                      MO #30095
600 Lathrop Building
1005 Grand Avenue
Kansas City, Missouri 64106
Telephone:     (816) 474-6750
Telecopier:    (816) 474-9751
ATTORNEYS FOR DEFENDANT/INTERVENOR
PUBLIC HOUSING RESIDENT COUNCIL